UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| QIANG HUANG AND FEI YU, | : | CIVIL ACTION NO. _____ |
| INDIVIDUALLY AND ON BEHALF OF | : | |
| THEIR MINOR CHILD, B.H. | : | |
| | : | |
| VS. | : | JUDGE _____ |
| | : | |
| THE UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE_____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs, Qiang Huang and Fei Yu, husband and wife, individually and on behalf of their minor child, B.H., by their undersigned attorneys, allege as follows:

### NATURE OF ACTION

1.

This is an action by Qiang Huang and Fei Yu, on behalf of their minor child, B.H., under the Federal Tort Claims Act ("FTCA") for money damages caused by medical malpractice committed by employees of Bayne-Jones Army Community Hospital ("Bayne-Jones"), while acting within the course and scope of their employment with the United States of America under circumstances where the United States of America, if a private person, would be liable to Plaintiffs in accordance with the laws of the State of Louisiana.

### JURISDICTION AND VENUE

2.

This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(b)(1) of the FTCA.

3.

Venue is proper in this District and Division under 28 U.S.C. § 1402(b) of the FTCA because the medical malpractice at issue occurred in Vernon Parish, Louisiana.

4.

Plaintiffs previously exhausted the administrative remedies available to them by filing an administrative claim with the Department of the Army ("the Army"), which the Army acknowledged in writing receiving on April 2, 2018.

5.

More than six months have passed since the Army's receipt of Plaintiffs' administrative claim without a final disposition of the claim by the Army. Therefore, plaintiffs now exercise their option under 28 U.S.C. § 2675(a) of the FTCA to deem the claim denied for purposes of instituting this action.

## THE PARTIES

6.

Plaintiffs, Qiang Huang and Fei Yu, on behalf of the minor child, B.H., are husband and wife and the natural parents of the minor child, B.H., and are residents of Hamilton County, Indiana.

7.

Defendant, the United States of America, is the sole, proper defendant for an FTCA claim pursuant to 28 U.S.C. § 2679(a). Service of the Complaint upon the United States of America will hereafter be made in accordance with Federal Rule of Civil Procedure 4(i)(1) by serving the

Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-001, and the United States Attorney for the Western District of Louisiana, 800 Lafayette Street, Suite 2200, Lafayette, Louisiana 70501-6832, via registered or certified mail.

## **FACTUAL ALLEGATIONS**

8.

On January 2, 2018, at 9:35 p.m., Fei Yu delivered her minor child, B.H., in the Labor and Delivery Department at Bayne-Jones Army Community Hospital. The child, B.H., was born full term with no abnormal rashes, birthmarks, or hemangiomas and had full range of motion. B.H. was large for gestational age, weighing ten (10) pounds and three (3) ounces, and had hyperbilirubinemia at birth.

9.

Following birth, Dr. Jocelyn Hu, Dr. Irina Pechenko, and registered nurse, Roslyn Gallashaw, were the medical staff over B.H.'s post-delivery care.

10.

At the time of delivery, Fei Yu had an infection called Chorioamnionitis. Because of this infection, Dr. Pechenko ordered that B.H. receive intravenous ("I.V.") antibiotics consisting of 463 milligrams of ampicillin every twelve (12) hours and 18.5 milligrams of gentamicin every twenty-four (24) hours after delivery until B.H.'s blood culture was negative after forty-eight (48) hours.

11.

After birth, nursing staff at Bayne-Jones took B.H. from his parents to insert an I.V. to administer the antibiotics. Over an hour had passed and the nursing staff still had not brought B.H. back to the delivery room to his parents.

12.

When Qiang Huang and Fei Yu asked why it was taking so long to give B.H. the I.V., the nursing staff informed Qiang Huang and Fei Yu that they could not find a vein to properly insert the I.V.

13.

When the nursing staff finally returned B.H. back to B.H.'s parents in the delivery room, Qiang Huang and Fei Yu observed burn marks on B.H.'s upper left arm. Blisters had formed on B.H.'s arm and parts of B.H.'s skin had peeled off in that area.

14.

In their attempts to administer an I.V., the medical staff had inappropriately and negligently applied a heel warmer to B.H.'s left arm.

15.

While using the heel warmer on B.H.'s arm, the heel warmer burned B.H.'s skin on his upper left arm.

16.

The nursing staff at Bayne-Jones bandaged the wound and cared for B.H.'s wound in the hospital.

17.

Neither Dr. Pechenko nor any member of the Bayne Jones Army Community documented this injury on the date and time it occurred.

18.

On January 3, 2018 at 9:36 a.m., Dr. Hu noted that there was "one ruptured vesicle and one intact vesicle with surrounding erythema on B.H.'s left lateral elbow and upper arm which had not been noted on the admission physical." This was the first note indicating that any injury had occurred to B.H. while at Bayne-Jones.

19.

On January 5, 2018, Dr. Pechenko performed an examination of B.H. for discharge. During this assessment, Dr. Pechenko did not note any injury to B.H.'s left arm. In fact, Dr. Pechenko noted that B.H.'s "physical examination was unremarkable and unchanged" in his summary of care on discharge. Dr. Pechneko further noted that there was no clinically significant birth injury which would affect ongoing care.

20.

Nurse Gallashaw then provided Qiang Huang and Fei Yu with discharge instructions. These instructions did not provide for any instructions of care for the burn injury to B.H.'s left arm.

21.

Plaintiffs were then discharged from Bayne-Jones on January 5, 2018, at 4:30 a.m.

22.

On January 7, 2018, at B.H.'s forty-eight (48) hour follow-up after discharge, Dr. David Anderson noted a "skin tear on [B.H.]'s left arm." Dr. Anderson also noted that "Father reports the skin laceration to the infants left arm secondary sustained during IV placement (during neonatal hospitalization) has become red with intermittent pus drainage." Documentation shows that the parents were not told to put any kind of cream on the area. Dr. Anderson further noted "some scar formation at one of the areas."

23.

At the same 48-hour follow-up appointment, Dr. Anderson noted "clinical evidence of bacterial infection. Serosanguineous drainage noted on my exam, however, dad reports purulent drainage while at home." B.H. was diagnosed with left arm cellulitis. To treat the infection, Dr. Anderson prescribed Clindamycin Palmitate 75 Mg/5Ml, to be given orally by mouth every eight (8) hours for seven (7) days.

24.

On January 16, 2018, at B.H's two (2) week wellness check, Dr. Matthew Fults noted that B.H. has "healing wounds with scabbing to left arm from previous skin infection." Dr. Fults also noted "lesions left upper arm – resolving skin lesions from previous infection."

25.

On March 9, 2018, at B.H.'s two (2) month appointment, Dr. Kaliq Williams noted that B.H. "sustained a skin tear in the neonatal hospital stay on the left antecubital area during an IV placement. The area became infected and [B.H.] completed a course of clindamycin. Mother of patient is concerned about [B.H.]'s scar and it's permanence." Dr. Williams noted scar on the left upper arm.

26.

On May 11, 2018, at B.H.'s four (4) month appointment, Dr. Williams noted a "hemangioma on [B.H.]'s left shoulder and a scar on the anterior lateral surface of [B.H.]'s upper left arm." At that same appointment, Dr. Williams noted that B.H. "has achieved major developmental milestones. Save for a stable for a hemangioma on [B.H.]'s left shoulder and a scar on the anterior lateral surface of his upper left arm from a previous skin infection, the remainder of his physical examination vital signs are unremarkable."

27.

On July 9, 2018, at B.H.'s six (6) month appointment, Dr. Williams noted a "hemangioma on [B.H.]'s left shoulder and a scar on the anterior lateral surface of [B.H.]'s upper left arm."

28.

On Nov 6, 2018, at B.H.'s nine (9) month appointment, Dr. Danielle M. Craft did not assess or document B.H.'s burn scar or skin condition on his left arm.

29.

On January 10, 2019, at B.H.'s twelve (12) month follow-up appointment, Dr. Williams noted "Skin: scar to left forearm/shoulder – lesions." Dr. Williams further noted "Pt with large well healed scar on left shoulder and forearm." Dr. Williams referred the family to a plastic surgeon to assist in the treatment and repair of the burns on B.H.'s arm.

30.

On March 3, 2020, B.H. was seen at Indiana University Health Burn Center.  Records show that a scar was noted to his left upper arm and antecubital fossa. Options were discussed for repair of B.H.'s damaged left arm.  To date, B.H. is three (3) years old and has significant permanent scarring on his left arm from the burn injury.

**NEGLIGENCE**

31.

Defendant, the Unites States of America, through the negligence of its employees, while acting within the course and scope of their employment with the United States of America, deviated from and breached the applicable medical standards of care as follows:

    a. Failing to employ proper medical treatment to B.H. while under their care;

    b. Failing to properly utilize a medical device as the manufacturer intended its use;

    c. Failing to follow approved hospital policies and procedures;

    d. Failing to develop, implement, and change as required a patient-specific care plan addressing B.H.'s hospital-acquired burns;

e. Failing to utilize their knowledge, education, and experience, and their best judgment while B.H. was under their care;

f. Failing to properly treat the burn wound while under their care;

g. Failing to give Plaintiffs instructions on wound care after discharge;

h. Failing to keep an accurate and organized medical record;

i. Failing to document B.H.'s injury;

j. Failing to provide adequate treatment to B.H.'s burn wound.

## DAMAGES

32.

Defendant, the United States of America, is liable to Plaintiffs, Qiang Huang and Fei Yu, individually and on behalf of their minor child, B.H., for the following damages sustained as a result of the above-referenced negligent breaches of and deviations from the applicable medical standards of care, as well as pre-judgment interest and costs:

A. Physical and mental pain, anguish, and suffering – past and future;

B. Loss of enjoyment of life – past and future;

C. Physical impairment – past and future;

D. Medical expenses – past and future;

E. Permanent scarring and disfigurement;

F. Permanent disability; and

G. Loss of household services – past and future.

## NO TRIAL BY JURY

33.

Pursuant to 28 U.S.C. § 2402 of the FTCA, this action cannot be tried to a jury.

## REQUEST FOR RELIEF

34.

Wherefore, Plaintiffs, Qiang Huang and Fei Yu, on behalf of the minor child, B.H., prays that, after due proceedings are had, there be a judgment rendered herein in Plaintiffs' favor and against Defendant, the United States of America, for such damages as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure as to damages in recompense for loss of accrued and future damages as may be allowed plus interest to the fullest extent allowed by law and all costs of these proceedings, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM**

BY:   */s/ David H. Hanchey*
**DAVID H. HANCHEY, Bar Roll #19927**
**HANNAH E. MAYEAUX , Bar Roll #39275**
3102 Enterprise Boulevard
Lake Charles, LA  70601
Telephone:    (337) 478-1400
Facsimile:    (337) 478-1577
Email: david@townsleylawfirm.com
jboone@townsleylawfirm.com
ATTORNEYS FOR PLAINTIFFS, QIANG HUANG AND FEI YU

**PLEASE SERVE**

**The United States of America**
**Through:**
**The Attorney General of the United States**
**950 Pennsylvania Avenue, NW**
**Washington, D.C.  20530-0001**

**AND**

**The United States Attorney for the Western District of Louisiana**
**800 Lafayette Street, Suite 2200**
**Lafayette, Louisiana  70501-6832**